IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER BROWN,

          Plaintiff,          No. CIV S-09-1594 FCD EFB PS

   vs.

JP MORGAN CHASE BANK, N.A., AS TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED SEC CHRISTOPHER BROWN; LOAN CENTER OF CALIFORNIA, INC.; EMC MORTGAGE CORPORATION; MORTGAGE LENDERS FINANCIAL NETWORK, INC.; and DOES 1 through 50, inclusive,

                                                   <u>ORDER AND</u>
          Defendants.                   <u>ORDER TO SHOW CAUSE</u>
_____/

       This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule ("Local Rule") 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On June 8, 2009, defendants JP Morgan Chase Bank and EMC Mortgage Corporation ("defendants") removed this action from Yolo County Superior Court based on federal question jurisdiction. Dckt. No. 1. On July 23, 2009, plaintiff filed a first amended complaint, and on October 1, 2009, defendants filed a motion to dismiss that amended complaint. Dckt. Nos. 7, 13. Defendants noticed the motion for hearing on December 16, 2009. Dckt. No. 13.

Court records reflect that plaintiff has filed neither an opposition nor a statement of non-opposition to the motion. Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be filed and served no later than fourteen days preceding the noticed hearing date or, in this instance, by December 2, 2009. Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 183, governing persons appearing *in pro se*, provides that failure to comply with the Federal Rules of Civil Procedure and/or the Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. Additionally, Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). *Pro se* litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing on defendants' motion to dismiss is continued to January 27, 2010, at 10:00 a.m. before the undersigned.

2. Plaintiff shall show cause, in writing, no later than January 13, 2010, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion.

3. Plaintiff shall file an opposition to the motion, or a statement of non-opposition thereto, no later than January 13, 2010.

4. Failure of plaintiff to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in a recommendation that this action be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b).

1    5. Defendants may file a reply to plaintiff's opposition, if any, on or before January 20,
2    2010.
3        SO ORDERED.
4    DATED: December 7, 2009.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE